[938 NYS2d 440]

In the Matter of ANTHONY OKECHUKWU ONUA, an Attorney, Resignor.

Second Department, February 14, 2012

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for the Grievance Committee for the Second, Eleventh and Thirteenth Judicial Districts.

*Richard E. Grayson,* White Plains, for resignor.

### OPINION OF THE COURT

Per Curiam.

Anthony Okechukwu Onua has submitted an affidavit sworn to September 24, 2011, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Onua was admitted to the bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on November 30, 1992.

On October 5, 2010, Mr. Onua pleaded guilty in the United States District Court for the Eastern District of New York, before the Honorable I. Leo Glasser, to one count of conspiracy to commit wire fraud and bank fraud, in violation of 18 USC § 1349, a class B felony. On July 8, 2011, he was sentenced to a term of five years of imprisonment and five years of supervised release, and was directed to make restitution in the sum of $2,704,739 and to pay a fee in the sum of $100.

As revealed in the transcript of his plea submitted to the Court, Mr. Onua was indicted for his role in a multimillion dollar mortgage fraud scheme involving straw corporations and individual straw buyers. Between January 2005 and May 2007, lenders were fraudulently induced to issue mortgage loans based on false representations (false information that made the borrowers appear to be more creditworthy and false information that enhanced the purported value of the properties). The total amount of the loans fraudulently obtained exceeded $10 million. In furtherance of the scheme, Mr. Onua paid other members of the conspiracy to falsify information; directed the creation of fraudulent title reports; prepared or caused to be prepared false checks designed to show that a down payment had been made when, in fact, it had not; and stole the entire proceeds of the mortgage issued for the second sale, but would initially make mortgage payments on the properties to conceal the fraud from the lenders.

Mr. Onua acknowledges that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress by anyone, and that he is fully aware of the implications of its submission.

Mr. Onua's resignation is submitted subject to any application by the Grievance Committee for the Second, Eleventh and Thirteenth Judicial Districts (hereinafter the Grievance Committee) for an order directing that he make restitution and that

he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends the acceptance of Mr. Onua's resignation.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, and effective immediately, Mr. Onua is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

Mastro, A.P.J., Rivera, Skelos, Dillon and Balkin, JJ., concur.

Ordered that the resignation of Anthony Okechukwu Onua is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Anthony Okechukwu Onua is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Anthony Okechukwu Onua shall promptly comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Anthony Okechukwu Onua is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Anthony Okechukwu Onua has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and Mr. Onua shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).